UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL FARR o/b/o T.F.,

      Plaintiff,

v.                              CASE NO. 3:16-cv-108-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

      Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for a period of disability and supplemental security income.  Plaintiff alleges she became disabled on April 15, 2010.[2]  Plaintiff's application was denied initially and on reconsideration.  A hearing was held before the assigned Administrative Law Judge ("ALJ") on October 4, 2013, at which Plaintiff was represented by an attorney.  (Tr. 38-60.)  The ALJ found Plaintiff not disabled since January 24, 2012, the date the application was filed.[3]  (Tr. 22-33.)

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 9.)

[2] Although technically the "Plaintiff" in this instance is the representative filing on behalf of the minor child, the undersigned refers to the minor child in this opinion as "Plaintiff."

[3] Plaintiff was ineligible for supplemental security income benefits prior to filing her application.  42 U.S.C. § 1382(c)(7); 20 C.F.R. § 416.335.

Plaintiff is appealing the Commissioner's decision that she was not disabled during the relevant time period.  Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the undersigned determines that the Commissioner's decision is due to be **REVERSED AND REMANDED**.

## I.    Child Disability Law and Standard of Review

In order for an individual under the age of eighteen to be entitled to SSI disability payments, the claimant must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and . . . which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i); 20 C.F.R. § 416.906.

Under the applicable Regulations, the Commissioner employs a three-step evaluation process.  First, the Commissioner determines whether the child claimant is engaged in substantial gainful activity.  If not, the next determination is whether the child claimant has a severe impairment or combination of impairments.  If so, the Commissioner must then determine whether the impairment or combination of impairments meet, or is medically or functionally equal to, an impairment listed in Appendix 1 of 20 C.F.R. part 404, subpart P, and

otherwise satisfy the duration requirement.[4]  Where the claimant fails to satisfy any of the criteria, he or she will be found not disabled. Where each of these requirements is satisfied, the claimant will be found disabled.  20 C.F.R. §§ 416.924 -416.926a; *Wilson v. Apfel*, 179 F.3d 1276, 1277 n.1 (11th Cir. 1999).

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into

---

[4] To establish functional equivalence in step three, the claimant must have a medically determinable impairment or combination of impairments that results in marked limitations in two functional domains or an extreme limitation in one domain.  20 C.F.R. § 416.926a(a).  The six domains are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1)(i-vi).

account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.   Discussion

Plaintiff argues one general point on appeal.  Plaintiff contends that substantial evidence fails to support the ALJ's determination that her mental impairments did not functionally equal any listed impairment.  Specifically, Plaintiff argues that the ALJ erred in failing to assign weight to the opinions of state agency doctors William Prather, M.D. and Theodore Weber, Psy.D., who opined that Plaintiff had "marked" limitations in the domain of acquiring and using information.  Plaintiff also argues that the ALJ failed to properly evaluate the opinions of state agency physician Paul Berger, M.D., who opined that Plaintiff had "marked" limitations in the domain of interacting and relating with others.

Defendant responds that the ALJ sufficiently evaluated the state agency doctors' opinions and adequately accounted for Plaintiff's limitations.   Defendant alternatively asserts that any error committed by the ALJ in the evaluation of the state agency doctors would be harmless.

### A.   The ALJ's Decision

The ALJ determined that Plaintiff had severe impairments, including Attention Deficit Hyperactivity Disorder, Oppositional Defiant Disorder, and

borderline intellectual functioning.  (Tr. 21.)  The ALJ then determined that

Plaintiff did not have an impairment or combination of impairments that

functionally equals the severity of the listings.  (Tr. 21-33.)

Continuing on with this evaluation, the ALJ determined that Plaintiff had

"marked" limitations in the domain of attending and completing tasks, but had

"less than marked" limitations in the domains of acquiring and using information,

interacting and relating with others, and no limitations in the domains of moving

about and manipulating objects, caring for yourself, and health and physical well-

being.  (*Id.*)  In making this determination, the ALJ assigned great weight to

examining psychologist Peter Knox, but assigned some weight to examining

psychologist Allison Keiter.  With respect to evaluating the state agency

consultants, the ALJ presented the following discussion:

> I have also considered the opinions of the State agency
> medical and psychological consultants.  At the initial level, it
> was determined that the claimant had marked limitation in
> interacting and relating with others; less than marked limitation
> in acquiring and using information, attending and completing
> tasks, caring for yourself and health and physical well-being;
> and no limitation in moving and manipulating objects (Exhibit
> 1A).  At the reconsideration level, the State agency
> psychological consultant noted that the claimant's conduct was
> satisfactory and opined that the claimant has less than marked
> limitation in interacting and relating with others (rather than the
> initial level opinion of marked limitation).  It was also opined
> that the claimant has less than marked limitation in acquiring
> information, attending and completing tasks, caring for yourself
> and health and physical well-being, and no limitation in moving
> about and manipulating objects (Exhibit 3A).  Significant
> weight has been accorded to these opinions to the extent they

are consistent with Dr. Knox's opinions.  However, after considering the claimant's school records, the medical evidence of record and Dr. Knox's evaluation, I have given little weight to the opinions that the claimant has less than marked limitation attending and completing tasks, caring for yourself and health and physical well-being, as well as the initial level determination that the claimant had marked limitation in interacting and relating with others.

(Tr. 28-29)

Because the ALJ found "marked" limitations in only one domain, the ALJ concluded that Plaintiff has not been disabled since January 24, 2012, the application date.  (Tr. 33.)

### B.    The ALJ Failed to Discuss a Relevant State Agency Opinion

According to Social Security Ruling 96-6p, findings of fact made by state agency medical and psychological consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and Appeals Council levels of administrative review.  Although ALJs are not bound by the findings of state agency doctors, "they may not ignore these opinions and must explain the weight given to the opinions in their decisions."  SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996). "Numerous courts have recognized this duty to address the opinions of state agency doctors."  *Wilkerson v. Colvin*, No. CV 114-100, 2015 WL 3827105, at *4 (S.D. Ga. June 18, 2015) (listing cases).

Here, when considering Plaintiff's functional equivalence to the severity of

a listing, the ALJ found less than marked limitations in the domains of acquiring and using information and interacting and relating with others.  The ALJ found no limitations in three other domains.  The ALJ found marked limitations in the domain of attending and completing tasks.  Absent an extreme limitation in one domain or marked limitations in two domains, Plaintiff was found not disabled.  In making these findings, the ALJ considered the state agency opinions of Paul Berger, M.D., rendered at the initial level on April 19, 2012, and considered the state agency opinions of William Prather, M.D., rendered at the reconsideration level on July 2, 2012.  (Tr. 27-27, 75-87, 89-100.)  The ALJ gave those opinions "significant weight" to the extent that they were consistent with Dr. Knox's opinions, including the opinion that Plaintiff had less than marked limitations in the domain of acquiring and using information.  (*Id.*)

Problematically, however, the ALJ ignored the opinions of state agency consultants William Prather, M.D., and Theodore Weber, Psy.D., rendered in December 2010.  Drs. Prather and Weber reached different conclusions in 2010 than the opinions rendered in 2012.  Namely, Drs. Prather and Weber opined in December 2010 that Plaintiff had marked limitations in the domain of acquiring and using information.  (Tr. 362.)  As support for their opinions, Drs. Prather and Weber noted that Plaintiff was required to repeat first grade, that her teachers noted that she was functioning low in the subjects of Reading, Math, and Writing, and that her problems were "mainly serious."  (Tr. 365.)  Drs. Prather and Weber

also noted that Plaintiff "is of borderline ability with comparable achievement skills," and that Plaintiff has "a severe language delay." (Tr. 366.) The ALJ failed to acknowledge this assessment in her decision or explain why she chose to disregard this report in favor of the 2012 reports, and the failure to do so constitutes reversible error. SSR 96-6p, 1996 WL 374180, at *1 (stating that ALJs "may not ignore th[e opinions of state agency doctors regarding the nature and severity of an individual's impairments] and must explain the weight given to these opinions in their decisions."); *cf. Wilkerson v. Colvin*, 2015 WL 3827105, at *5-6 (reversing the Commissioner's decision that child claimant was not disabled in part because the ALJ failed to discuss a prior report of state agency consultants that reached different conclusions than the report of subsequent state agency consultants); *Perez-Rosario ex rel. A.G.J. v. Comm'r of Soc. Sec.*, No. 6:07-cv-774-Orl-DAB, 2008 WL 1776569, at *5 (M.D. Fla. April 17, 2008) (emphasizing that "the regulations with respect to childhood disability require particularly meticulous review of *all* of the evidence of record and *particularly clear explanation* as to the ALJ's reasons for each finding, due to the requirement of specific findings in each domain.") (emphasis added).

The Commissioner correctly concedes that the ALJ failed to discuss the December 2010 state agency opinions of Drs. Prather and Weber, but argues that the error was, at most, harmless. (Doc. 14 at 5.) The undersigned disagrees. As pointed out by Plaintiff, because the ALJ found marked limitations

8

in the domain of attending and completing tasks, a finding of marked limitations in the domain of acquiring and using information, as found by Drs. Prather and Weber, would result in a finding of disability.  Thus, the ALJ's error in this regard cannot be considered harmless.

The Commissioner further argues, without referencing any supporting authority, that because Dr. Prather authored the 2012 report considered by the ALJ, the 2010 report (which Dr. Prather co-authored and which predates Plaintiff's application), was rendered stale.  However, the Court cannot accept the Commissioner's *post hoc* rationalization here.  *See, e.g., Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) ("[A] court may not accept appellate counsel's *post hoc* rationalizations for agency actions.  If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order.") (internal citations omitted).

Therefore, this case will be reversed and remanded with instructions to the ALJ to reconsider the December 2010 opinions of Drs. Prather and Weber, explain what weight they are being accorded, and the reasons therefor.  If the ALJ rejects any portion of these opinions, she must explain her reasons for doing so.  In light of this conclusion and the possible change in the RFC assessment, the Court finds it unnecessary to address Plaintiff's second argument regarding the ALJ's evaluation of Plaintiff's limitations in the domain of interacting and relating with others.  *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir.

1986) (per curiam); *Freese v. Astrue*, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam).  However, on remand, the ALJ will be directed to re-consider this domain.

Accordingly, it is **ORDERED**:

1.     The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to: (a) reconsider the opinions of Drs. Prather and Weber, explain what weight they are being accorded, and the reasons therefor; (b) reconsider Plaintiff's limitations in the other domains, if necessary, including the domain of interacting and relating with others; and (c) conduct any further proceedings deemed appropriate.

2.     The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3.     Plaintiff's counsel is advised that, in the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No.: 6:12-124-Orl-22 (*In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)).*  This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ENTERED** at Jacksonville, Florida, on January 17, 2017.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

11